This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41784**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ANTHONY BRYANT BENALLY**
**a/k/a ANTHONY BENALLY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Tyler Sciara, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court

assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}** Defendant appeals his conviction for aggravated driving while under the influence of alcohol (DWI) based on his refusal to submit to testing, contrary to NMSA 1978, Section 66-08-102(D)(3) (2016). [RP 136] On appeal, Defendant makes two assertions of error: (1) there was insufficient evidence to support his conviction [BIC 8]; and (2) the district court committed fundamental error when it communicated with the jury by providing additional jury instructions after deliberations had already begun [BIC 10]. For the reasons that follow, we affirm.

**DISCUSSION**

**Sufficiency of the Evidence**

**{3}** "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{4}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). The jury instructions in this case required the State to prove beyond a reasonable doubt that (1) Defendant operated a motor vehicle; (2) at the time, Defendant was under the influence of intoxicating liquor, such that "as a result of drinking liquor [D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public"; (3) Defendant refused to submit to chemical testing; and (4) these events happened in New Mexico on or about May 8, 2022. [RP 101] In order to prove that Defendant refused to submit to chemical testing, the State was obligated to prove five things: (1) "[D]efendant was arrested on reasonable grounds to believe that [D]efendant was driving while under the influence of intoxicating liquor or drugs"; (2) Defendant was advised by a law enforcement officer that failure to submit to the test could result in the revocation of Defendant's privilege to drive; (3) a law enforcement officer requested that Defendant submit to a chemical breath test and/or a chemical blood test; (4) Defendant was conscious and otherwise

capable of submitting to a chemical test; and (5) Defendant willfully refused to submit to a breath test and/or a blood test. [RP 102]

**{5}** According to the testimony at trial, law enforcement responded to a dispatch involving a vehicle in the drive-thru lane of a Wendy's in Farmington, New Mexico on May 8, 2022. [BIC 1; AB 4] Officer Mason testified that upon arrival, she saw the vehicle in a parking space with the engine running and Defendant sitting in the driver's seat. [BIC 1; AB 9] Officer Mason testified that she smelled a strong odor of alcohol coming from inside the SUV, and she observed that Defendant had bloodshot and watery eyes, a flushed face, and slurred speech. [BIC 1; AB 9] Defendant was not the only person in the vehicle, and Officer Mason asked Defendant to step out of the vehicle. [BIC 2] Defendant stumbled getting out of the vehicle and walked in an unstable manner. [BIC 2] Officer Mason continued to smell an odor of alcohol on Defendant after he exited the vehicle. [AB 5] Defendant also had difficulty keeping his eyes open. [AB 5; BIC 2] When asked for his identifying information, Defendant provided his name, date of birth, and a P.O. Box number. [BIC 2; AB 5-6] When asked what city the P.O. Box was located in, Defendant repeatedly indicated the P.O. Box was located in Arizona and gave his P.O. Box in response to questions about where he lived and slept. [AB 5-6] A consensual search of the vehicle revealed open containers of beer and other liquor. [BIC 2-3; AB 5] Officer Mason asked Defendant to perform a field sobriety test (FST) multiple times, and Defendant refused to do so. Officer Mason arrested Defendant, read the Implied Consent Act advisory to him, and explained that silence constitutes a refusal; Defendant remained silent. [BIC 3, 9]

**{6}** Viewing this evidence in the light most favorable to the State, we conclude that the State presented sufficient circumstantial evidence for the jury to conclude that Defendant operated the vehicle while intoxicated. *See State v. Mailman*, 2010-NMSC-036, ¶¶ 23-24, 27-28, 148 N.M. 702, 242 P.3d 269 (noting that direct evidence is not required to support a DWI conviction and concluding that substantial circumstantial evidence supported the reasonable inference that the defendant drove while intoxicated in part because he "refused to take the field sobriety tests and the breath test, . . . he had an open can of beer on the center console of his vehicle . . ., and he was disoriented and confused, had bloodshot, watery eyes, and had difficulty maintaining his balance"); *State v. Alvarez*, 2018-NMCA-006, ¶¶ 13-14, 409 P.3d 950 (concluding that there was sufficient circumstantial evidence to support a DWI conviction where, upon being dispatched to the scene, the officer saw the vehicle, which appeared to be on, and the defendant exited from the driver's seat of that vehicle); *cf. State v. Sanchez*, 2001-NMCA-109, ¶¶ 9, 12, 131 N.M. 355, 36 P.3d 446 (holding that there was probable cause to arrest the defendant for driving while intoxicated where the defendant smelled strongly of alcohol, had bloodshot, watery eyes, and refused to consent to the FSTs). The vehicle's location in a parking stall after dispatch identified the vehicle as being in the drive-thru, in addition to the fact that Defendant was awake and seated in the driver's seat of the running vehicle when Officer Mason arrived, support an inference that Defendant operated the vehicle. *See State v. Sims*, 2010-NMSC-027, ¶ 33, 148 N.M. 330, 236 P.3d 642 (providing that nonexhaustive list of factors, useful in determining whether an individual is in actual physical control relevant to operating a

vehicle, includes whether the vehicle was running, the ignition was on, where the driver was found in the vehicle, whether the person was awake, and where the vehicle was stopped). Furthermore, the jury could infer from Officer Mason's description of Defendant's appearance and behavior that Defendant was intoxicated. *See State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 ("Jurors share common human experience, and they are entitled to draw upon that experience to make reasonable inferences at trial."). Moreover, we note that Defendant has provided no citations to authority to support his claim that the evidence in this case was insufficient to support his conviction. [BIC 6-10] *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." (citation omitted)). Accordingly, viewing the evidence in the light most favorable to the State, we conclude that the State presented sufficient evidence to support Defendant's conviction.

**Submission of Additional Jury Instructions**

{7}     Defendant also asserts that fundamental error occurred as a result of the district court giving additional jury instructions in response to a question from the jury. [BIC 10] Specifically, Defendant argues that the "transmission of additional instructions during deliberations without properly charging the jury with them in open court violated Rule[] 5-610(B) [NMRA] and [Rule] 5-612(A) [NMRA]." [Id.] Defendant concedes that this argument was not presented to the district court. [BIC 12] Accordingly, we review for fundamental error. *See State v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 ("We review an unpreserved challenge to a jury instruction for fundamental error."). Appellate courts exercise discretion to review an assertion of fundamental error guardedly—"only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims." *State v. Cunningham*, 2000-NMSC-009, ¶¶ 12-13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted); *see id.* ¶ 13 (further stating that fundamental error "goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive" (internal quotation marks and citation omitted)). When determining whether a district court's communication with a jury requires reversal, we first determine whether the district court erred by considering whether an improper communication occurred, giving rise to a presumption of prejudice. *See State v. Jojola*, 2006-NMSC-048, ¶¶ 4, 6, 140 N.M. 660, 146 P.3d 305.

{8}     Here, after deliberations had begun, the jury submitted a question, asking, "was [the] vehicle running the whole time?" and "what is [sic] [New Mexico] law consider 'operating a vehicle,' vehicle on or off?" [RP 95] Upon receiving the jury's question, the district court went on the record to read and discuss the jury's question with all counsel and in the presence of Defendant. [BIC 4-6; AB 6, 14] The State conceded that it had been remiss in omitting UJI 14-4511 NMRA, which defines "operating" or driving a motor vehicle, and suggested that it might be appropriate to give the instruction in light of the jury's questions. [BIC 5; AB 7] Defense counsel objected to the district court

submitting additional instructions to the jury, but provided no authority in support of that position. Additionally, Defendant made no objection to the procedure that the district court was following—namely, allowing the parties to review the uniform instructions to be submitted and then submitting those written instructions to the jury. [AB 7; BIC 6] The district court and the parties reviewed UJI 14-4511 and UJI 14-4512 NMRA (defining actual physical control of a vehicle), and the parties made no objections to the instructions as written. The district court responded to the jury's question by sending the jury those additional jury instructions in writing. [BIC 6]

{9}     Defendant now contends that in failing to call the jury back into the court room and giving the additional instruction "to the jury in open court in the presence of [Defendant] and counsel[,]" the district court engaged in an improper communication with the jury that violated Rule 5-612(A) and Rule 5-610(B) and (D) NMRA. [BIC 6] Rule 5-612(A) provides that "the defendant shall be present at all proceedings, including . . . the jury trial and during all communications between the court and the trial jury." Defendant makes no assertion that he was not present when the jury's question was read and discussed in open court, when a response was chosen, and when additional instructions were sent to the jury. [AB 14] As noted above, the district court read and discussed the jury's question in open court and in the presence of all parties. The additional instructions were the only communication with the jury on this topic, and the district court similarly provided written copies of those instructions and discussed them with the parties. Accordingly, the district court did not violate Rule 5-612(A).

{10}     Rule 5-610(B) provides that the district court "*may* recall the jurors after they have retired to . . . give them additional instructions . . . . Such additional or corrective instructions *may* be given only after notice to and in the presence of the attorneys and the defendant." (Emphasis added). Rule 5-610(B) does not *require* that the district court recall a jury to provide supplemental instructions—only that if it does recall the jury, Defendant and the attorneys must receive notice and be present. Given that the attorneys and Defendant were present even though the district court chose not to recall the jury, we conclude that the district court did not violate Rule 5-610(B).

{11}     Rule 5-610(D) requires that the defendant is "present during all communications between the [district] court and the jury unless the defendant has signed a written waiver of the right to be personally present. All communications between the [district] court and the jury must be in open court in the presence of the defendant and counsel for the parties." Furthermore, "[u]nless requested by counsel for the defendant, communications between the [district] court and the jury on a ministerial matter may be made in writing after notice to all counsel without recalling the defendant." *Id.* The language of Subsection (D) was added "to clarify the procedure for communications between the judge and the jury, after the jury has retired to consider the verdict, without recalling the jury." *Id.* comm. cmt. (citing *State v. Saavedra*, 1979-NMCA-096, 93 N.M. 242, 599 P.2d 395). In *Saavedra*, this Court considered whether a presumption of prejudice arises when the district court consults with counsel before sending its reply to the jury, the defendant is present, and there is no objection made to the procedure. 1979-NMCA-096, ¶ 5. Reasoning that the communication occurred in open court with

notice to, and in the presence of the parties, there had been no unauthorized communication, and we held that the procedure used did not amount to reversible error. *Id.* ¶ 6.

**{12}** We conclude that the district court in this case followed the same procedure that was analyzed in *Saavedra*; the district court read the jury's question in open court with all parties present, discussed an appropriate response, and informed the parties on how it would be responding. Defendant made no objection to the procedure used. Applying *Saavedra*, we therefore hold that the district court's written communication of supplemental jury instructions in the present case does not warrant reversal.

**{13}** Accordingly, we affirm Defendant's conviction.

**{14}  IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**